UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EDSON PASCUAL COTRINA PACHECO,
Petitioner,
v.
GREGORY ARCHAMBEAULT, et al.
Respondents.

Case No.: 3:26-cv-5521-CAB-JAC

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**

Petitioner Edson Pascual Cotrina Pacheco filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] This is Petitioner's second habeas petition; his first was denied because he was detained attempting to re-enter the United States on February 17, 2026 without inspection and was therefore subject to mandatory detention under 8 U.S.C. § 1225. [*See* Case No. 3:26-cv-1592-CAB-VET.]

On March 20, 2026, an immigration judge ("IJ") ordered Petitioner removed from the United States. [Petition at 7.] On August 17, 2026, the BIA dismissed Petitioner's appeal of the IJ's decision. [*Id.*] Petitioner appealed to the Ninth Circuit and requested a stay of removal while the appeal is pending. [*Id.*]

In the current Petition, Petitioner alleges his detention since February 17, 2026 without a bond hearing is unlawful. A habeas petitioner bears the burden of demonstrating

that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *see also* Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). Indeed, "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions[.]'" *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (citing *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)).

In similar cases, this Court has used the *Banda* test as a framework, which considers the following six factors: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

Here, the first factor weighs heavily against Petitioner given that he has been detained just over seven months. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (highlighting that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Moreover, Petitioner has not alleged any specific delays attributable to Respondent. Finally, the Court notes that if the Ninth Circuit ultimately denies Petitioner's request for a stay of removal pending appeal, immigration authorities must detain him during the removal period under 8 U.S.C. § 1231. The Court thus finds that Petitioner's continued detention under § 1225 has not become unconstitutionally prolonged such that a bond hearing is required at this stage.

///

///

The Court thus **DISMISSES** the Petition for a writ of habeas corpus **WITH LEAVE TO AMEND** to allow Petitioner to file an Amended Petition in the event that his detention extends beyond a year.

The Clerk of the Court shall close the case. If an Amended Petition is filed, the Court will reopen the case.

It is **SO ORDERED**.

Dated: October 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge